COLUMBUS BAR ASSOCIATION *v.* TEAFORD.

(D. D. No. 71—Decided June 15, 1966.)

*Mr. Dwight I. Hurd, Mr. Grant S. Richards* and *Mr. James C. Justice,* for relator.

*Mr. Collis Gundy Lane,* for respondent.

*Per Curiam.* The report of the board refers to the active participation by respondent with Riegler in "acts of an undesirable character" and the giving of advice which resulted in undesirable acts by the client.

The board made no finding that money had been given to respondent in trust by Riegler or that the respondent converted to his own use any money to which Riegler was entitled.

There was no finding as to the particluar and specific misconduct of the respondent which convinced the board to make its recommendation.

The evidence presented at the hearing was in sharp conflict, and it is, therefore, necessary to examine the entire record. *In re Disbarment of Lieberman,* 163 Ohio St. 35; *Cleveland Bar Assn.* v. *Fleck,* 172 Ohio St. 467.

Upon a careful review of the record, this court has reached the conclusion that the charge of conversion of the client's money is not supported by a preponderance of the evidence. The explanation by respondent as to the manner of the receipt of the funds in question and their disposition is reasonable and is corroborated in many respects.

Much of the evidence in this proceeding involved the review of stale claims which were asserted for the first time after

a disagreement which terminated the relationship between two persons who were business associates, as well as attorney and client. The respondent's handling of funds which the client had given him, which handling the relator alleges constituted misconduct, occurred early in the relationship between respondent and Riegler. Riegler, with full knowledge that he had given these funds to respondent, did not see fit to complain of any "conversion" until 1960, approximately four years after the last transaction which is now alleged to be improper, and shortly after respondent refused to continue to represent him.

Although there is no limitation period on the assertion of charges of misconduct against an attorney, it is not completely fair to require a party to respond to claims which have grown stale by the passage of time, particularly in a case such as this one. Records may be destroyed and recollection may be hazy. It is for this reason that the prosecution of old claims is not favored. See 7 American Jurisprudence 2d 86, Attorneys at Law, Section 62.

Although this court is convinced that the record does not support a finding that the respondent is guilty of the conversion of the client's funds as charged, the record does demonstrate a continued course of improper and careless conduct by the respondent contrary to the spirit, if not the letter, of the Canons of Professional Ethics, which conduct is inconsistent with the traditions of the legal profession and with the rectitude and dignity with which its members should comport themselves at all times.

The respondent should be, and hereby is, publicly reprimanded for this misconduct.

*Judgment accordingly.*

Taft, C. J., Zimmerman, Matthias, O'Neill, Schneider and Brown, JJ. concur.

Herbert, J., not participating.