OHIO STATE BAR ASSOCIATION *v.* SACHER.

[Cite as Ohio State Bar Assn. *v.* Sacher (1983), 8 Ohio St. 3d 49.]

(D.D. No. 83-17—Decided December 28, 1983.)

50

*Mr. Albert L. Bell, Mr. John R. Welch, Mr. John D. Starn* and *Mr. James P. Miller,* for relator.

*Murphey, Young & Smith Co., L.P.A., Mr. David J. Young* and *Mr. Kevin R. McDermott,* for respondent.

*Per Curiam.* Respondent raises two objections to the board's report. His first objection is that relator's "failure * * * to follow the time limits imposed by Gov. R. V(4) justifies dismissal of the charges." His second objection is that "the discipline recommended * * * is unduly harsh."

Gov. R. V(4) stated as follows:

"The investigation of complaints shall be concluded within sixty days from the date of the receipt of the complaint. A decision as to the disposition of such complaint shall be made within thirty days thereafter. Extensions of time for completion of the investigation may be granted upon written request, and for good cause shown, by the Secretary or Acting Secretary, of the Board of Commissioners on Grievances and Discipline. If an investigation by the Grievance Committee of a local bar association or the Committee on Legal Ethics and Professional Conduct of the Ohio State Bar Association is not completed within one-hundred-fifty days, the matter under investigation shall be referred to the Disciplinary Counsel."

The board conceded that the above time requirements were not met in the case at bar, but concluded that "[f]ailure to meet the specific time re-

quirements of Rule V(4) do [*sic*] not require dismissal of the proceeding." The board recounted the relevant dates in its report, stating that "the initial letter from the complainant was received by the Ohio State Bar Association, the Relator, on February 5, 1982. Investigation was completed May 6, 1982. A recommendation for Complaint was made by Relator's Committee on Legal Ethics and Professional Conduct on May 14, 1982. The recommendation was approved by the Executive Committee of the Ohio State Bar Association at its regular meeting of June 25, 1982. Complaint was filed with the Supreme Court on August 26, 1982." The total elapsed time was two hundred-one days.

The board acknowledged that "[t]he purpose of Rule V(4) is to avoid undue delay" and that in an appropriate case dismissal of an untimely complaint may be warranted, citing *Columbus Bar Assn.* v. *Teaford* (1966), 6 Ohio St. 2d 253 [35 O.O.2d 418]. Respondent's reliance on *Teaford* and our recent decision in *Cincinnati Bar Assn.* v. *Backsman* (May 25, 1983), D.D. No. 83-7, Ohio Official Reports Advance Sheets, Vol. 5, No. 3, at A-4, is misplaced because in each of these cases the delay was effectively determined to have been prejudicial to the respondent. In *Teaford* the complaint alleged violations based on events that had occurred eight to eleven years previously. Moreover, in *Teaford* the staleness of some of the claims did not give rise to a dismissal. Rather, this court imposed a lesser penalty than that recommended by the board in part because of evidentiary problems posed by the stale claims. In *Backsman* we noted that "[t]his case had its inception on March 28, 1978," and implicitly found the respondent's rights to have been prejudiced by the delay.

In the case at bar the delay was of considerably less duration and respondent did not demonstrate that his rights had been compromised in any way. We reject respondent's suggestion that Gov. R. V(4) is analogous either to a speedy trial statute or a statute of limitations. To the contrary, we concur in the board's finding that "* * * [t]he concerns of the Rule are addressed to [the] protection of the public from further instances of like conduct that may occur during a prolonged investigation." Gov. R. V(4) does not grant substantive rights to attorneys accused of misconduct and, accordingly, a non-prejudicial delay in proceeding against an attorney for alleged disciplinary violations does not justify a dismissal of the complaint.

With respect to respondent's second objection, we are satisfied after a careful examination and review of the record in this cause that the board's recommendation of a one-year suspension is not unduly harsh. As we recently observed in *Disciplinary Counsel* v. *Morton* (1983), 5 Ohio St. 3d 206, 208, the penalties for commingling of funds generally "range from a one-year suspension to an indefinite suspension."[1] As in *Morton* the charges brought

---

[1] This court concurred in the board's recommendation and imposed a public reprimand in *Columbus Bar Assn.* v. *Thompson* (1982), 69 Ohio St. 2d 667 [23 O.O.3d 541], for a violation of DR 9-102(A)(1) and (2). While the mitigating circumstances advanced in *Thompson* and the case

against the respondent herein "represented an isolated incident of misman-agement * * * [but this] does not lessen the gravity of respondent's profes-sional misconduct." *Id.* at 209. Thus, a one-year suspension based on the in-stant record is not unduly harsh.

We concur in the conclusion of the board that respondent violated DR 1-102(A)(4), DR 6-101(A)(3), and DR 9-102(A) and (B). It is the judgment of this court that respondent be suspended from the practice of law for a period of one year.

*Judgment accordingly.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and WISE, JJ., concur.

WISE, J., of the Fifth Appellate District, sitting for J. P. CELEBREZZE, J.

---

at bar are somewhat similar, *i.e.,* respondent's inexperience and full cooperation, the magnitude of the misconduct is greater in this case than in *Thompson* and, therefore, a more severe sanc-tion is appropriate.