DAYTON BAR ASSOCIATION *v.* ZARKA.

[Cite as Dayton Bar Assn. *v.* Zarka (1986), 24 Ohio St. 3d 157.]

(D.D. No. 85-46—Decided June 25, 1986.)

*Coolidge, Wall, Womsley & Lombard Co., L.P.A., Roger J. Makley* and *Kevin J. O'Brien,* for relator.

*Horace W. Baggott, Sr.,* for respondent.

*Per Curiam.* Respondent first objects to the overruling of his motion to dismiss for failure to complete the investigation within sixty days as required by Gov. Bar. R. V(4). Respondent has not demonstrated any prejudice resulting from the delay. *Ohio State Bar Assn.* v. *Sacher* (1983), 8 Ohio St. 3d 49.

In the second objection to the findings of the board's report, respondent contends that the findings of fact were not supported by a preponderance of the evidence and are contrary to the manifest weight of the evidence. This court has examined the record presented before the board. We concur in the board's findings that respondent violated DR 1-102(A)(4), 1-102(A)(6) and 5-104(A) of the Code of Professional Responsibility.

Respondent further objects to the board's recommendation to permanently disbar the respondent from the practice of law as unduly harsh. Actually, as indicated above, the recommendation was an indefinite suspension. The record reveals that respondent has never been involved in any proceeding of this kind, although he has been practicing law for over forty years, and the evidence shows that he has a good reputation for truth and honesty. Although this does not lessen the gravity of respondent's professional misconduct, we believe that an indefinite suspension under the circumstances is somewhat excessive. Therefore, it is the judgment of this court that respondent be suspended from the practice of law for a period of one year.

Finally, respondent contends that DR 1-102(A)(6) is unconstitutionally vague and violates the Fifth Amendment to the United States Constitution. The court finds no basis for such a contention and accordingly overrules the final objection.

Therefore, upon a careful review of the entire record, we concur with the findings of the board except for the above indicated modification in the recommendation that relator be indefinitely suspended.

For the foregoing reasons, it is the judgment of this court that respondent be suspended from the practice of law for a period of one year.

*Judgment accordingly.*

CELEBREZZE, C.J., SWEENEY, REILLY and C. BROWN, JJ., concur.

HOLMES, DOUGLAS and WRIGHT, JJ., dissent.

REILLY, J., of the Tenth Appellate District, sitting for LOCHER, J.

DOUGLAS, J., dissenting. From the record in this case it is clear that

the respondent engaged in a systematic and calculated program of misrepresentation, fraud and deceit to take advantage of three very vulnerable clients. Upon the facts of this case, the board concluded that respondent was guilty of misconduct in that he violated DR 1-102(A)(4), 1-102(A)(6) and 5-104(A). The board also found that the respondent made false and misleading statements under oath during the course of the disciplinary proceeding.

While it is true that Mrs. Hunt had her original $35,000 plus $5,000 interest returned to her, this was only accomplished after she retained a lawyer and then not until January 1985 did she receive her money. Mrs. Hunt was required to pay her attorney $526 to effect recovery from respondent.

With regard to Mr. Dukic, as of the date of hearing, respondent had not returned the $5,800 or paid Mr. Dukic any interest on the "investment." There is nothing before us which would indicate that Mr. Dukic would ever be able to recover his money.

As to Mrs. Harowski's "investment," respondent refused to return her money even though Mrs. Harowski made a specific request in writing and the note given to her by respondent had matured. Mrs. Harowski was required to retain another attorney who eventually had to file a lawsuit for her in an attempt to recover her money. After the complaint was filed, respondent did make a payment of $2,000 to Mrs. Harowski's attorney and apparently some settlement had been reached where respondent agreed to satisfy Mrs. Harowski's claim by April 1986. The record, of course, does not contain any information as to whether or not Mrs. Harowski has even yet obtained return of her money.

After considering all of the circumstances, the board has recommended to this court "* * * that Respondent's misconduct in his relationship with Birdie Hunt, Joseph Dukic and Jeanne Harowski, standing alone, would warrant a suspension from the practice of law for one year. The Board is of the opinion, however[,] that the Respondent also made false and misleading statements under oath during the course of this proceeding and, accordingly, should be indefinitely suspended from the practice of law."

In view of the record before us, and the recommendation of the board, I am unable to understand the decision of the majority to impose only a one-year suspension. Accordingly, I would adopt the recommendation of the board, and since the majority does not do so, I must respectfully dissent.

HOLMES and WRIGHT, JJ., concur in the foregoing dissenting opinion.