OHIO STATE BAR ASSOCIATION *v.* SHATTUCK.

[Cite as *Ohio State Bar Assn. v. Shattuck* (1999), 85 Ohio St.3d 334.]

(No. 98–2221—Submitted December 16, 1998—Decided April 7, 1999.)

*John J. Mueller, Robert K. Leonard* and *Eugene P. Whetzel,* for relator.
*William R. McCarty,* for respondent.

**Per Curiam.** We held in *Schucker v. Metcalf* (1986), 22 Ohio St.3d 33, 36–37, 22 OBR 27, 30–31, 488 N.E.2d 210, 213–214, that a judge may be transferred

from one division of the common pleas court to another only by the Chief Justice under the authority of R.C. 2503.04 or by the presiding judge of the common pleas court under authority of C.P.Sup.R. 2 (now Sup.R. 3). The findings of the board indicate that respondent was not so transferred. Instead, respondent exercised authority over the *Perry* case on the basis of what he thought was a legitimate longstanding informal transfer process in effect in Greene County and the asserted tacit approval of the judge to whom the case was assigned.

Given the unique facts of this case, we conclude that no disciplinary action is warranted. Accordingly, this matter ought to be and hereby is dismissed.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

**COOK, J., dissenting.** I agree with the recommendation of the panel and the board that respondent be publicly reprimanded.

MOYER, C.J., concurs in the foregoing dissenting opinion.