**[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 334.]**

OHIO STATE BAR ASSOCIATION *v.* SHATTUCK.

[Cite as *Ohio State Bar Assn. v. Shattuck*, 1999-Ohio-271.]

*Judges—Misconduct—Complaint charging common pleas court judge with violating Canon 3(A)(5) of the Code of Judicial Conduct dismissed, when.*

(No. 98-2221—Submitted December 16, 1998—Decided April 7, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-81.

_____

{¶ 1} On October 13, 1997, relator, Ohio State Bar Association, filed a complaint charging that sometime between June 29, 1994 and July 7, 1994, respondent, Hon. Judson L. Shattuck, Jr., of Xenia, Ohio, Judge of the Greene County Court of Common Pleas, Domestic Relations Division, Attorney Registration No. 0021063, violated several Canons of the Code of Judicial Conduct. Judge Shattuck allegedly signed without authority an entry in case No. 94 CR 94, releasing Lloyd Dale Perry from the Pickaway Correctional Institution, vacating Perry's plea of guilty to a violation of R.C. 2925.11(A), and entering a *nolle prosequi* with respect to the case. After respondent answered, the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel found that in February 1994, a grand jury indicted Perry for violating R.C. 2925.03(A)(6). Perry originally entered a plea of not guilty to the charge because, had he been convicted of the charge, he would have been required to serve a sentence of at least three years. However, in April 1994, Perry filed a petition to enter a plea of guilty to violating R.C. 2925.11(A), a fourth-degree drug abuse felony, which required no term of actual incarceration. In February 1994, Judge M. David Reid of the Court of Common Pleas, General Division, assigned

to preside over the case, sentenced Perry to eighteen months' imprisonment for violating R.C. 2925.11(A), suspended his driving privileges for a year, and imposed a $1,500 fine. Judge Reid also overruled Perry's immediate motion to reconsider the sentence.

{¶ 3} In June 1994, while serving the sentence, Perry filed a motion with Judge Reid, asking that Reid suspend further execution of the sentence and place him on probation. Judge Reid did not rule on the motion nor did he rule on Perry's subsequent motion to permit him to withdraw his guilty plea because of failure of consideration for the plea bargain he had negotiated.

{¶ 4} Sometime in late June or early July 1994, Perry's counsel and the prosecuting attorney presented Judge Reid with an entry which, among other things, released Perry from prison. Judge Reid either personally or through his bailiff told Perry's counsel and the prosecuting attorney that he would not sign an entry releasing Perry but that they could get some other judge to handle the case. Shortly thereafter, Perry's counsel and the prosecuting attorney approached respondent about taking a "transfer-case" from Judge Reid to permit the defendant to withdraw a guilty plea and go to trial by jury on the charges. The lawyers, representing to respondent that Judge Reid did not oppose respondent's taking over the case, then presented respondent with an entry in the transfer-case releasing Perry. Respondent was unable to contact Judge Reid, but learned from Reid's bailiff that Judge Reid did not object to Perry's counsel and the prosecuting attorney's finding another judge to handle the case. Respondent then signed the entry in the transfer-case, ordering that the guilty plea be vacated, the cause be nolled, and Perry be released from incarceration. The entry was filed on July 7, 1994.

{¶ 5} At the time respondent signed the entry, he knew that Greene County common pleas judges had a longstanding informal practice of transferring judges, without formal entry memorializing the transfer, from one division of the court to another to dispose of a matter properly docketed in the other division. He also knew

that Judge Reid had not formally requested that he take over the case but did not oppose his doing so. Even though the presiding judge of the Common Pleas Court of Greene County had not signed an entry transferring respondent from the domestic relations division to the criminal division of the court, respondent believed, on the basis of the longstanding informal practice and what he knew about Judge Reid's position, that he had responsibility, power, and authority to dispose of the case.

{¶ 6} The panel found that in the absence of an order signed either by the presiding judge of the common pleas court or by the Chief Justice of the Ohio Supreme Court, respondent lacked legal authority to dispose of the *Perry* case. The panel concluded that by taking over the case and signing the entry, respondent inadvertently violated Canon 3(A)(5) of the Code of Judicial Conduct as it existed on that date (a judge shall give appropriate attention to the guidelines set forth in the Rules of Superintendence promulgated by the Supreme Court of Ohio). The panel recommended that respondent receive a public reprimand. The board adopted the panel's findings, conclusions, and recommendation.

———————————

*John J. Mueller, Robert K. Leonard* and *Eugene P. Whetzel,* for relator.
*William R. McCarty,* for respondent.

———————————

*Per Curiam.*

{¶ 7} We held in *Schucker v. Metcalf* (1986), 22 Ohio St.3d 33, 36-37, 22 OBR 27, 30-31, 488 N.E.2d 210, 213-214, that a judge may be transferred from one division of the common pleas court to another only by the Chief Justice under the authority of R.C. 2503.04 or by the presiding judge of the common pleas court under authority of C.P.Sup.R. 2 (now Sup.R. 3). The findings of the board indicate that respondent was not so transferred. Instead, respondent exercised authority over the *Perry* case on the basis of what he thought was a legitimate longstanding

informal transfer process in effect in Greene County and the asserted tacit approval of the judge to whom the case was assigned.

{¶ 8} Given the unique facts of this case, we conclude that no disciplinary action is warranted. Accordingly, this matter ought to be and hereby is dismissed.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

————————————

**COOK, J., dissenting.**

{¶ 9} I agree with the recommendation of the panel and the board that respondent be publicly reprimanded.

MOYER, C.J., concurs in the foregoing dissenting opinion.

————————————