**[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 310.]**

CLEVELAND BAR ASSOCIATION *v.* MALLIN.

[Cite as *Cleveland Bar Assn. v. Mallin*, 1999-Ohio-106.]

*Attorneys at law—Misconduct—Investigation of grievance against attorney must be conducted in compliance with Gov.Bar R. V(4)(D)—Complaint dismissed when investigation in disciplinary proceeding violates Gov.Bar R. V(4)(D).*

(No. 98-2658—Submitted April 13, 1999—Decided August 25, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-98.

————————————

{¶ 1} On December 8, 1997, relator Cleveland Bar Association ("CBA") filed a complaint against respondent Christopher J. Mallin of Bedford, Ohio, Attorney Registration No. 0020153. The complaint set forth nine counts arising from alleged Disciplinary Rules violations that occurred primarily in 1983, 1984, and 1985. The record indicates that the original grievance against Mallin was made on February 23, 1989, and that Mallin met with representatives from CBA in June 1994 and February 1995.

{¶ 2} On September 24 and 25, 1998, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio ("board") held a hearing. The panel concluded that Mallin had violated several Disciplinary Rules and recommended that he be suspended from the practice of law for a two-year period with one year suspended and with probation and restitution. The board adopted the panel's findings of fact, conclusions of law, and recommendation.

————————————

*Frank J. Cumberland, Jr.,* and *Craig P. Kvale,* for relator.

*Christopher J. Mallin, pro se.*

——————————

**PFEIFER, J.**

**{¶ 3}** In this case, we are required to determine whether the investigation against Mallin was conducted in compliance with Gov.Bar R. V(4). We conclude that it was not.

**{¶ 4}** Gov.Bar R. V(4)(D) states that "[t]he investigation of grievances by Disciplinary Counsel or a Certified Grievance Committee shall be concluded within sixty days from the date of the receipt of the grievance." It is clear from the record that the investigation was not concluded within sixty days.

**{¶ 5}** The board is entitled to grant extensions of time to complete an investigation. Gov.Bar R. V(4)(D)(1) states that "[i]nvestigations for which an extension is granted shall be completed within one hundred fifty days from the date of receipt of the grievance." It is clear from the record that the investigation was not completed within one hundred and fifty days.[1]

**{¶ 6}** Gov.Bar R. V(4)(D)(2) provides that, in certain circumstances, an extension of time may be granted beyond one hundred and fifty days. However, it also states, "No investigation shall be extended beyond one year from the date of the filing of the grievance." The grievance against Mallin was filed on February 23, 1989, and the complaint was not filed until December 8, 1997. It appears beyond question that Gov.Bar R. V(4)(D)(2) was violated.

**{¶ 7}** That violation does not dispose of the issue before us because "[the] time limits set forth in this rule are not jurisdictional." Gov.Bar R. V(4)(D)(3). Thus, even when the time limits of Gov.Bar R. V(4)(D) have been violated, a grievance shall not be dismissed "unless it appears that there has been an

———————————

1. Requests for extensions of time are required to be in writing. Gov.Bar R. V(4)(D)(1). The record does not indicate that CBA requested an extension of time in writing.

unreasonable delay and that the rights of the respondent to have a fair hearing have been violated." *Id.* We conclude that a delay of nine years from the date a grievance is received until the date a complaint is filed is unreasonable. See *id.* (Investigations that extend beyond one year from the date of filing are prima facie evidence of unreasonable delay.)

**{¶ 8}** We now address whether the delay prejudiced Mallin's right to a fair hearing.

**{¶ 9}** In *Columbus Bar Assn. v. Teaford* (1966), 6 Ohio St.2d 253, 255, 35 O.O.2d 418, 419, 217 N.E.2d 872, 873, we stated, "Although there is no limitation period on the assertion of charges of misconduct against an attorney, it is not completely fair to require a party to respond to claims which have grown stale by the passage of time * * *. Records may be destroyed and recollection may be hazy. It is for this reason that the prosecution of old claims is not favored."[2] Though we now have a rule that limits the time within which a grievance may be prosecuted, it is not a true statute of limitations and, accordingly, we will adhere to the logic of *Teaford*.

**{¶ 10}** Mallin asserted in his post-trial brief that both of the witnesses who were called by CBA testified that it was difficult for them to remember the events that gave rise to the allegations of disciplinary violations. This assertion is not contradicted in the record. Mallin also asserted that he would have used court records to impeach one of the witnesses, but was unable to timely procure the records because they had been sent to storage. This assertion is not contradicted in the record. Both of these assertions by Mallin highlight the concerns the *Teaford* court had about delayed disciplinary investigations.

---

2. Gov.Bar R. V was adopted effective July 1, 1983, long after the *Teaford* decision.

{¶ 11} In *Cincinnati Bar Assn. v. Backsman* (May 25, 1983), D.D. No. 83-7, Ohio Official Reports Advance Sheets, Vol. 5, No. 3, at A-4, we implicitly concluded that a delay of at most five years, between the date of the grievance and the date of the complaint, prejudiced the respondent's right to a fair trial. In this case, we conclude that it was prejudicial to prosecute Mallin nine years after the original grievance was filed and approximately twelve years after the events that gave rise to the complaint occurred. We conclude that the investigation in this disciplinary proceeding violated Gov.Bar R. V(4)(D) and accordingly dismiss the complaint.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

————————————

**COOK, J., dissenting.**

{¶ 12} Though the delay here is excessive, in the absence of a showing of material prejudice, dismissal is unwarranted. I would follow the recommendation of the board.

MOYER, C.J., concurs in the foregoing dissenting opinion.

————————————