**In re Walter D. BERTSCHE aka W. David Bertsche, Jr., Debtor.**

**Supreme Court of Ohio, Plaintiff,**

v.

**Walter D. Bertche [sic] aka W. David Bertche [sic], Jr., Defendant.**

**Bankruptcy No. 00–12174.
Adversary No. 00–1100.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Dec. 13, 2000.

Thomas Straus, for plaintiff.

David Boyd, Cincinnati, OH, for defendant.

## MEMORANDUM OF DECISION

JEFFERY P. HOPKINS, Bankruptcy Judge.

The Supreme Court of Ohio ("Supreme Court"), on December 9, 1998, entered an order that indefinitely suspended Walter D. Bertsche ("Bertsche") from the practice of law. Among other things, the order directed Bertsche to: (1) pay the Supreme Court for the costs of the disciplinary proceeding; (2) reimburse any amounts awarded to former clients by the Clients' Security Fund; and (3) bear the costs of publication of the suspension order. This adversary proceeding presents the issue of whether the foregoing debts ("disciplinary debts") are nondischargeable pursuant to 11 U.S.C. § 523(a)(7).[1] Ruling on a summary judgment motion filed by the Su-

preme Court, the Court holds that the disciplinary debts are nondischargeable given the United States Supreme Court's mandate that federal courts are not to interfere with a state's right to formulate and enforce sanctions designed to protect its citizenry.

With exceptions inapplicable to this proceeding, § 523(a)(7) renders nondischargeable a debt that is "for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss." The United States Supreme Court has broadly construed § 523(a)(7) as excepting from discharge "any condition a state criminal court imposes as part of a criminal sentence." *Kelly v. Robinson*, 479 U.S. 36, 50, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) (holding that debt for criminal restitution is nondischargeable pursuant to § 523(a)(7)). *Kelly* is predicated upon the principle that the right to formulate and enforce sanctions designed to protect the public interest is an important aspect of the sovereignty retained by states. *Kelly*, 479 U.S. at 47, 107 S.Ct. 353. In light of *Kelly*, the Sixth Circuit has held that § 523(a)(7) excepts from discharge a debt for criminal court costs. *Tennessee v. Hollis (In re Hollis)*, 810 F.2d 106 (6th Cir.1987). The question before this Court is whether the rationale of *Kelly* and *Hollis* extends to costs and other monetary conditions arising out of an attorney's disciplinary proceeding.

■ As to costs alone, ten courts have addressed this precise issue. All ten courts have concluded that the costs of a disciplinary proceeding are nondischargeable. *See Carlson v. Attorney Registra-*

---

1. The complaint further seeks a § 523(a)(7) determination with respect to a $230.00 sanction imposed for failure to comply with continuing legal education requirements. This debt is no longer at issue because Bertsche concedes that it is nondischargeable. (*See* Doc. 7 at 2.)

*tion and Disciplinary Comm'n of the Supreme Court of Illinois (In re Carlson)*, 202 B.R. 946 (Bankr.N.D.Ill.1996); *State Bar of Michigan v. Doerr (In re Doerr)*, 185 B.R. 533 (Bankr.W.D.Mich.1995); *Florida Bar v. Cillo (In re Cillo)*, 159 B.R. 340 (Bankr.M.D.Fla.1993), *aff'd*, 165 B.R. 46 (M.D.Fla.1994); *In re Williams*, 158 B.R. 488 (Bankr.D.Idaho 1993); *Attorney Registration and Disciplinary Comm'n of the Supreme Court of Illinois v. Betts (In re Betts)*, 149 B.R. 891 (Bankr.N.D.Ill. 1993), *aff'd*, 165 B.R. 870 (N.D.Ill.1994), *aff'd*, 1995 WL 108940 (7th Cir. Mar. 14, 1995), *cert. denied*, 516 U.S. 1012, 116 S.Ct. 571, 133 L.Ed.2d 495 (1995); *Attorney Registration and Disciplinary Comm'n of the Supreme Court of Illinois v. Lewis (In re Lewis)*, 151 B.R. 200 (Bankr.C.D.Ill. 1992); *Board of Attorneys Professional Responsibility, State of Wisconsin v. Haberman (In re Haberman)*, 137 B.R. 292 (Bankr.E.D.Wis.1992). These courts rely, in part, upon *Kelly, Hollis* and their progeny, finding their rational to be equally applicable to debts arising out of disciplinary proceedings because such proceedings, similar to criminal proceedings, are designed to protect the public. *See also In re Ruffalo*, 390 U.S. 544, 551, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968) (noting that disciplinary proceedings are quasi-criminal in nature), *reh'g denied*, 391 U.S. 961, 88

S.Ct. 1833, 20 L.Ed.2d 874 (1968). The decisions also look to state law and find that the imposition of costs in a disciplinary proceeding is discretionary, leading to the inference that costs are imposed as a sanction as opposed to a compensatory measure. Because Ohio law similarly reflects that the imposition of disciplinary costs is discretionary, this Court concludes that the costs of an Ohio disciplinary proceeding are nondischargeable pursuant to § 523(a)(7). *See* Gov. Bar R. V, Section 8(D) ("The [disciplinary] order *may* provide for reimbursement of costs and expenses incurred by the Board or panels.") (emphasis added).[2]

The final issue is whether the remaining disciplinary debts are nondischargeable even though they are not, per se, costs. Although this appears to be an issue of first impression, *Kelly* serves as guiding precedent given its mandate that § 523(a)(7) renders nondischargeable "any condition a state criminal court imposes as part of a criminal sentence." Because *Kelly* provides that federal courts are not to interfere with a state's efforts to protect its citizens and Ohio disciplinary proceedings, similar to criminal proceedings, serve to protect the public[3], this Court concludes that the obligations to reimburse the Clients' Security Fund and pay for the

---

2. Case law is further illustrative of the Supreme Court's discretion concerning the imposition of costs. Although the Supreme Court imposes costs in the vast majority of disciplinary proceedings, it does not appear as though costs are always imposed. *See, e.g., Findlay/Hancock County Bar Ass'n v. Filkins*, 90 Ohio St.3d 1, 734 N.E.2d 764 (2000) (proceeding dismissed without discipline); *Cleveland Bar Ass'n v. Mallin*, 86 Ohio St.3d 310, 715 N.E.2d 122 (1999) (proceeding dismissed without discipline); *Ohio State Bar Ass'n v. Shattuck*, 85 Ohio St.3d 334, 708 N.E.2d 199 (1999) (proceeding dismissed without discipline); *Columbus Bar Ass'n v. Emerson*, 84 Ohio St.3d 375, 704 N.E.2d 238 (1999) (attorney indefinitely suspended); *Office of Disci-*

*plinary Counsel v. Williams*, 84 Ohio St.3d 392, 704 N.E.2d 251 (1999) (attorney indefinitely suspended); *Office of Disciplinary Counsel v. Stanley*, 74 Ohio St.3d 218, 658 N.E.2d 261 (1996) (attorney permanently disbarred).

3. Ohio disciplinary proceedings are instituted *"to protect the public* from the misconduct of those who are licensed to practice law." *In re Judicial Campaign Complaint Against Carr*, 76 Ohio St.3d 320, 322, 667 N.E.2d 956 (1996) (emphasis added); *Ohio State Bar Ass'n v. Weaver*, 41 Ohio St.2d 97, 100, 322 N.E.2d 665 (1975) (emphasis added).

publication costs of the suspension order are nondischargeable under § 523(a)(7) as the statute is broadly construed in *Kelly*.

For the foregoing reasons, the Supreme Court's summary judgment motion will be granted.[4]  A judgment to this effect will be entered.

4. By his response (Doc. 7) to the summary judgment motion, Bertsche raises several Constitutional arguments that are unsupported by case law.  The Court need not address these arguments because they are addressed to the Constitutionality of the Supreme Court's suspension order as opposed to § 523(a)(7).  This Court agrees with Judge Squires that "[t]he bankruptcy court is not the proper forum for [an attorney] to attempt to effectively appeal the decisions of the [state supreme court]." *See Betts*, 149 B.R. at 897.