OPINION
Defendants/appellants, Ok Sun Palmer and David Palmer ("appellants"), appeal a decision of the Lucas County Court of Common Pleas denying a Civ.R. 60(B) motion for not being timely filed and denying other motions for lack of jurisdiction.
On January 26, 1998, David Pheils ("appellee") filed a complaint for foreclosure on Ok Sun Palmer's property in Maumee, Ohio. The appellants filed an answer and counterclaim alleging fraud regarding a judgment lien, the denial of which is the subject of this appeal.
Pursuant to an assignment by Chief Justice Moyer, Judge Huffman, a retired judge of the Sandusky County Court of Common Pleas, conducted a hearing on all pending motions on August 7, 1998 and announced his decision from the bench. Judge Huffman directed the appellee to prepare an order in conformity with the decision. The appellee's initial prepared entry was rejected by Judge Huffman. The appellee submitted a different entry which was signed by Judge Huffman but was not journalized because Ok Sun Palmer had filed bankruptcy. The appellants then filed an affidavit of prejudice against Judge Huffman which the Ohio Supreme Court rejected.
Pursuant to a relief from stay and direction from the Bankruptcy Court to do so, the clerk, on December 20, 1999, journalized the August 7, 1998 judgment. Six months later, the appellants filed a motion to vacate the August 1998 decision contending, among other allegations, that Judge Huffman's conduct was unlawful.
On July 21, 2000, the appellee filed a dismissal of their sole remaining claim for relief against the appellants. Two months later, the appellants filed a motion for contempt, for Rule 11 sanctions and to reactivate the finalized case. On December 11, 2000, the trial court denied all of the appellants' motions, from which the appellants filed a timely appeal.
The appellants present the following four assignments of error.
ASSIGNMENT OF ERROR NO. I
 Judge Huffman lacked jurisdiction and authority to act in this case and his judgment entry is void and of no legal force and effect.
 The appellants contend that Judge Huffman, a retired visiting judge, was never assigned to this case, and, therefore, any actions taken by the trial court were null and void. We find the appellants' argument without merit in several respects.
To support this argument, the appellants cite Ohio State Bar Assn. v.Shattuck[1] which the appellants allege is analogous to the present case. However, Shattuck does not deal with the assignment of a visiting judge and, therefore, is not binding upon us in our review of the case at bar.
The appellee argues that by failing to object to the assignment until after the case had been decided, the appellants have waived their objection. We agree. If there is a procedural irregularity, the impropriety must be asserted in a timely fashion or the objection is waived.[2] The party cannot hold the objection with knowledge of the procedural irregularity and later choose to object if the decision is unfavorable.[3] Upon first knowledge of an improper assignment, the appellants should have objected. The case below contains no record of an objection until Judge Huffman ruled in the case. As a result, the appellants have waived their objection.
Even if a timely objection had been filed, we find that Judge Huffman's assignment to the case is valid. The Ohio Constitution and Rules of Superintendence provide for the temporary assignment of visiting judges. The Ohio Constitution provides, "[t]he chief justice or acting chief justice, as necessity arises, shall assign any judge of a court of common pleas or a division thereof temporarily to sit or hold court on any other court of common pleas or division thereof * * *."[4] The Supreme Court may adopt rules to facilitate these temporary assignments.[5] Sup.R. 4(B)(6) allows the administrative judge in a court to "[r]equest, as necessary, the assignment of judges to the court or division by the Chief Justice of the Supreme Court or the presiding judge of the court."
In the present case, the Lucas County Court of Common Pleas retained a time-stamped copy of the certificate of assignment for Judge Huffman which was signed by the Chief Justice of the Ohio Supreme Court on May 12, 1998. This certificate of assignment demonstrates the legitimacy of Judge Huffman's authority to handle any proceedings in the court for the months of July, August and September 1998 and to conclude any proceedings in which he participated that were pending at the end of that period. The judgment entries that the appellant insists are invalid were decisions based upon hearings conducted in August of 1998.
Accordingly, the appellants' first assignment of error is overruled.
ASSIGNMENT OF ERROR NO. II
 The trial court erred in ruling that the time to file a Rule 60(B) motion began to toll on August 7, 1998.
 In their second assignment of error, the appellants argue that the trial court was clearly erroneous in deciding that they had failed to timely file a Civ.R. 60(B) motion. Civ.R. 60(B) requires that a motion alleging fraud be made not more than one year after the judgment, order, or proceeding was entered or taken. The trial court held that the appellants had one year from the August 7, 1998 date of judgment to file the motion and that the motion was not filed until June 19, 2000. The motion was denied because, the court concluded, two years had passed since the judgment date.
In Schenley v. Kauth,[6] the Supreme Court of Ohio stated that "[a] court of record speaks only through its journal and not by oral pronouncement." Similarly, Civ.R. 58(A) provides that "a judgment is effective only when entered by a clerk upon the journal." Our review of the record reveals that the decision of the August 7, 1998 hearing was not journalized until December 20, 1999 due to a stay issued by the Bankruptcy Court. The appellants filed the Civ.R. 60(B) motion on June 19, 2000, within one year of the date upon which the trial court's decision was journalized. Therefore, we find that the appellants' motion was timely filed, and their second assignment of error is affirmed.
ASSIGNMENT OF ERROR NO. III
 The trial court erred in ruling that Pheils should not have been found in contempt for perpetrating a fraud upon the court and for obstructing the administration of justice and for not imposing Rule 11 sanctions.
 The appellants' third assignment of error appears to be based upon a motion for sanctions and to reactivate a terminated case. The arguments and allegations raised under this assignment of error have been raised previously by the appellants and mirror the allegations made in a counterclaim upon which the appellee was granted summary judgment in a December 20, 1999 judgment entry.
The appellants' motions were essentially motions to reconsider the judgment entry. The Civil Rules allow for relief from final judgments by means of Civ.R. 50(B) (motion not withstanding the verdict), Civ.R. 59 (motion for a new trial), and Civ.R. 60(B) (motion for relief from judgment).[7] However, the Ohio Supreme Court has stated that "motions for reconsideration of a final judgment in the trial court are a nullity."[8] The trial court dismissed the motions on December 11, 2000 for lack of jurisdiction stating that the sole procedure available to vacate a final court judgment is set forth in Civ.R. 60(B)
We find that the trial court did not err by denying the appellants' motions for lack of jurisdiction.
We, therefore, overrule the appellants' third assignment of error.
ASSIGNMENT OF ERROR NO. IV
 Judge Huffman was disqualified from presiding in this case because of his personal bias and prejudice.
 The appellant filed an affidavit of prejudice with the Supreme court of Ohio on August 13, 1998 which maintained that Judge Huffman intentionally violated the appellants' "constitutional rights to due process and equal access to the courts." The affidavit followed rulings which were adverse to the appellants in the aforementioned August 1998 decision which Judge Huffman handed down from the bench.
The authority to pass upon the disqualification of a judge of the Court of Common Pleas rests in the Chief Justice under Section 5(C) of ArticleIV of the Ohio Constitution.[9] The Chief Justice, in an entry dated September 9, 1998, found that the affiant, David Palmer, had waived his right to object to Judge Huffman's participation in this case because he had time to file and failed to file an affidavit of disqualification before the hearing.[10] In addition, the entry states that Mr. Palmer failed to establish that the adverse rulings made by Judge Huffman were the product of bias or prejudice on the part of the judge.
Because the Supreme Court of Ohio has already decided this matter, we are without authority to consider whether Judge Huffman should have been disqualified. The appellants' fourth assignment of error is dismissed.
The judgment of the Lucas County Court of Common Pleas is affirmed in part and reversed in part, and the cause is remanded for further proceedings in concordance with this opinion.
Judgment affirmed in part, and reversed in part.
WALTERS and BRYANT JJ., concur.
(WALTERS, P.J., HADLEY and BRYANT, JJ., of the Third Appellate District sitting by assignment in the Sixth Appellate District.)
[1] (1999), 85 Ohio St.3d 334.
[2] Berger v. Berger (1981), 3 Ohio App.3d 125.
[3] Id.
[4] Section 5(A)(3), Article IV, Ohio Constitution.
[5] See Forsyth v. Feinstein (Feb. 18, 2000), Clark Co. No. 99-CA-66, unreported.
[6] (1953), 160 Ohio St. 109, paragraph one of the syllabus.
[7] Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378 380.
[8] Id. at 379.
[9] Beer v. Griffith (1978), 54 Ohio St.2d 440.
[10] See, also, R.C. 2701.03.