Weygandt, C. J.
 

 A study of th¿ petition of the relatrix discloses that the respondent’s demurrer clearly must be sustained on each of the grounds set forth.
 

 
 *181
 
 Section 12285, General Code, defining the function of the extraordinary writ of mandamus, provides:
 

 “The writ may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions,
 
 but it cannot control judicial discre
 
 tion.” (Italics supplied.)
 

 This statute merely restates the elementary common-law rule and has been followed repeatedly and consistently by this court.
 

 The relatrix is not asking that the respondent judge be required to exercise his judgment. That he has done. Instead the relatrix asks that this court
 
 control
 
 the judicial discretion of the respondent judge by compelling him to grant her a temporary restraining order and allow her temporary alimony in the sum of $35 per week. For this court to issue such a writ would be a plain violation of the rule.
 

 It is equally elementary that to entitle a relator to a writ of mandamus, the record must disclose affirmatively that there is no plain and adequate remedy in the ordinary course of the law, and in the absence of such showing the writ will be denied.
 
 State, ex rel. First Natl. Bank,
 
 v.
 
 Village of Botkins,
 
 141 Ohio St., 437, 48 N. E. (2d), 865. One remedy at law is the right of appeal. In the partition action the relatrix did avail herself of this remedy, and the Court of Appeals affirmed the decree of the Court of Common Pleas. The fact that the relatrix was unsuccessful in that appeal does not entitle her to substitute a writ of mandamus as an indirect means of perfecting a second appeal.
 

 In the divorce action the only matters presented to the respondent judge were the requests of the relatrix for a temporary restraining order and for temporary alimony. In denying a restraining order «the respondent ' properly observed that the decree ordering the sale in the partition action had been affirmed by the
 
 *182
 
 Court of Appeals and had become final. The respondent trial judge hardly could be required or expected to reverse or interfere with a valid judgment of the Court of Appeals.
 

 In denying temporary alimony the respondent said:
 

 “The court finds on the motion for temporary alimony from the testimony and evidence offered by and on behalf of the parties, that the plaintiff has within her possession sufficient funds belonging to the parties to this action which were acquired during the marriage, to afford her ample support during the pendency of this action.
 

 “The court will, however, allow the sum of one hundred dollars ($100) to the plaintiff to be applied to the expenses incurred in this suit * *
 

 These matters had been considered and determined before the mandamus action was filed, and at the present time there is nothing further to be decided by the respondent. Later when the issues of divorce and alimony have reached a final determination in that court, the relatrix will have the usual remedy of appeal if she is dissatisfied therewith.
 

 The respondent’s demurrer to the amended petition of the relatrix must be sustained and the writ denied.
 

 Writ denied.
 

 Matthias, Hart and Turner, JJ., concur.
 

 Zimmerman,'Stewart and Taet, JJ., dissent.