Purcell, Appellee, v. The Cleveland Trust Co., Exr., et al., Appellants.

(No. 27360—Decided October 28, 1965.)

Messrs. *Rosenthal, Roesch, Buckman & McLandrich* and Messrs. *Calfee, Fogg, McCord & Halter,* for appellee.

Messrs. *Arter, Hadden, Wykoff & Van Duzer,* for appellant The Cleveland Trust Company.

Messrs. *Baker, Hostetler & Patterson,* for appellants Grace W. Davis and Wm. T. Davis.

Mr. *William B. Saxbe,* attorney general, and Mrs. *Neva H. Wertz,* for the state of Ohio.

*Per Curiam.* This cause is before this court on an appeal from a judgment of the Probate Court of Cuyahoga County upon a petition for a declaratory judgment.

The matter was submitted to the court below upon a stipulation of facts. Briefly, by the petition the plaintiff, appellee herein, J. Ambrose Purcell, sought to invade a revocable *inter vivos* trust established by his wife some two years before her death, of which the defendant-appellant The Cleveland Trust Company is trustee. He asserted that he had rejected his wife's will and claimed the right to receive one-half of the property in his wife's estate, including one-half of the property held in the trust, and asked the Probate Court to order The Cleveland Trust Company, as trustee, to deliver that property to him.

236

The trustee and the other appellants objected on the grounds that: (1) The Probate Court has no jurisdiction of an action to order a trustee not appointed by the Probate Court to dispose of property it (the trustee) holds in trust, and to do so contrary to the trust on which it holds that property; and (2) the claim to such property is barred by the decision of the Supreme Court in *Smyth* v. *Cleveland Trust Co.*, 172 Ohio St. 489, in which case the Supreme Court overruled those paragraphs of the syllabus of *Bolles* v. *Toledo Trust Co., Exr.*, 144 Ohio St. 195, applicable herein, and *Harris* v. *Harris, a Minor*, 147 Ohio St. 437, and held that property in such trust cannot be reached by a surviving spouse who rejects his deceased spouse's will.

These objections were overruled by the Probate Court, and it held that the husband, J. Ambrose Purcell:

"* * * is entitled to have delivered to him one-half of the net trust estate held by the defendant, The Cleveland Trust Company, as trustee under the inter vivos agreement * * *."

In all other respects the Probate Court found the trust valid. It directed that, after delivery of one-half of the corpus to the husband, the trust otherwise, as to all persons:

"* * * shall remain in full force * * * as stated in the trust agreement."

Four claims of error are assigned as follows:

1. The Probate Court erred in asserting jurisdiction of this case.

2. The Probate Court erred in adjudging J. Ambrose Purcell entitled to any part of the trust established by his wife beyond the provision made for him by express terms of the trust.

3. The Probate Court erred in refusing to follow the Supreme Court's decision in *Smyth* v. *Cleveland Trust Co.*, 172 Ohio St. 489.

4. The Probate Court erred in excluding evidence presented in the stipulation of facts and erred with respect to each paragraph of the stipulation excluded on objection of plaintiff.

We have examined each of these claims of error. As to assignment of error No. one, it is our holding that the Probate Court does not have jurisdiction of this cause inasmuch as under the facts stipulated it has no control over a trustee of an *inter vivos* trust not appointed by it nor does it have authority

to order such trustee to deliver over to the estate property the decedent-settlor had, prior to her death, delivered to the trustee.

In connection with assignments of error Nos. two and three, it is our holding that this case is controlled by *Smyth* v. *Cleveland Trust Co.*, 172 Ohio St. 489, and the doctrine clearly enunciated therein bars the husband's invasion of the *inter vivos* trust established by his wife in this case, and the only rights he has are those specifically given to him by the trust agreement.

As to assignment of error No. four, we find no error prejudicial to the trustee in excluding from the evidence on the objection of the beneficiary certain facts bearing on the backgrounds of the parties and the circumstances leading to the establishment of the trust and to the truth of which the parties have stipulated.

The facts having been stipulated and there being no other facts available to plaintiff, pure questions of law are presented to this court to decide, and, in the light of these principles, as enunciated above, the decision and judgment of the court below, as reported in 94 Ohio Law Abs. 455, is reversed as contrary to law and final judgment is rendered for defendant-appellant The Cleveland Trust Company, trustee.

*Judgment reversed.*

CORRIGAN, P. J., and SKEEL, J., concur.