THE STATE, EX REL. KENNEDY, APPELLANT, *v.* CUYAHOGA
COUNTY BOARD OF ELECTIONS ET AL., APPELLEES.

[Cite as State, ex rel. Kennedy, v. Bd. of Elections (1976),
46 Ohio St. 2d 37.]

(No. 75-1093—Decided April 21, 1976.)

Messrs. *Cain & Lobo* and *Mr. Arthur L. Cain*, for appellant.

*Mr. John T. Corrigan*, prosecuting attorney, and *Mr. Thomas P. Gill*, for appellees.

*Per Curiam.* Appellant contends that Section 2, Article X of the Fairview Park charter, which makes provision for the filing of referendum petitions in that municipality, is in conflict with R. C. 3501.11(K), and therefore controlling, because it concerns a matter of local self-government. See *Fitzgerald* v. *Cleveland* (1913), 88 Ohio St. 338, and progeny. It is appellant's position that because Section 2, Article X requires the clerk of council to determine the sufficiency of a referendum petition, the board of elections is thereafter without power to do so, and acts in a purely ministerial capacity to place the referendum on the ballot.*

---

*Appellant, citing *State, ex rel. Kittel,* v. *Bigelow* (1941), 138 Ohio St. 497, also asserts that once the clerk of council has determined a referendum petition to be sufficient, and council has accepted that determination by passing a resolution submitting the referendum to a vote of the city's electors, the board of elections has no authority to reverse the finding of sufficiency.

In *Kittel,* petitions to place a proposed charter amendment on the ballot were circulated and filed. Thereafter, council voted unanimously to submit the proposed amendment to the electors. The sufficiency of the petitions was challenged. Interpreting Section 9, Article XVIII of the Ohio Constitution, which provides that "[a]mendments to any charter framed and adopted as herein provided may be submitted to the electors of a municipality by a two-thirds vote of the legislative authority thereof * * *," this court, in paragraph two of the syllabus, held that when "the legislative authority in fact passes an ordinance of submission by a vote of two-thirds or more of its members, any defects in the filing or signing of the petition become immaterial * * *."

Therefore, appellant's reliance upon paragraph three of the syllabus in *Kittel,* which states that a councilmanic determination of the sufficiency of a petition is "conclusive" in the absence of fraud or gross abuse of discretion, is misplaced, since the sufficiency or insufficiency of the petitions in *Kittel* was irrelevant, and the language in paragraph

We disagree.

Section 2, Article X, provides, in part:

"* * * When said petition is filed the clerk of the council shall first ascertain the sufficiency of the petition, and, if found sufficient, the council shall thereupon, within thirty (30) days of the filing of such petition reconsider such ordinance or resolution. If council fails to repeal said ordinance or resolution within thirty (30) days the council shall submit it to a vote of the electors at the next general or regular municipal election occurring more than ninety (90) days after the filing of such petition * * *."

R. C. 3501.11 provides:

"Each board of elections shall * * *

"* * *

"(K) Review, examine, and certify the sufficiency and validity of petitions and nomination papers[.]"

In clear language, Section 2, Article X of the Fairview Park charter requires the clerk of council to determine the sufficiency of a referendum petition prior to action thereon by council. R. C. 3501.11(K) imposes upon the board of elections the subsequent responsibility to review, examine, and certify the sufficiency and validity of the petition. The Fairview Park charter makes no reference to the board of elections, nor purports to negate duties imposed upon the board by R. C. 3501.11(K). Thus, we fail to see a conflict between these provisions.

In *State, ex rel. Janasik, v. Sarosy* (1967), 12 Ohio St. 2d 5, the relator sought to prohibit the board of elections from placing a referendum on the ballot. The board denied that it had a duty to ascertain the validity of the petitions, because that was the responsibility of the village clerk. We held:

three dictum. See *State, ex rel. Bd. of Edn.*, v. *Morton* (1975), 44 Ohio St. 2d 151, 153-154.

Moreover, our decision in *Kittel* was in no way concerned with the duty imposed by statute upon a board of elections to determine the sufficiency of petitions. That is to say, G. C. 4785-13k (now R. C. 3501.11(K)), which imposes the duty upon the board to determine sufficiency and validity, was not discussed or involved.

"* * * [E]ven though such petitions are retained by the clerk and the initial duty is on such clerk to determine the validity of the petition, if a protest is made to the board as to the validity of the petitions it is incumbent on the board to examine and determine the validity of the petitions."

Previously, in *State, ex rel. Ehring, v. Bliss* (1951), 155 Ohio St. 99, we stated, in paragraph one of the syllabus:

"Under the provisions of Section 4785-13; General Code [now R. C. 3501.11], and cognate sections, a county board of elections is authorized to review, examine and certify the sufficiency and validity of petitions and nominating papers even in the absence of a protest thereto. (*State, ex rel. McGinley, v. Bliss et al., Board of Elections,* 149 Ohio St. 329, approved and followed.)"

Appellant asserts that *Sarosy* is inapposite, because it concerned a non-charter municipality, and because the village clerk therein, pursuant to R. C. 731.29, was not specifically required to determine the sufficiency of the petition, but only to accept its filing, and certify the text of the ordinance, or measure to the board of elections. R. C. 731.29 further states, however, that the "* * * clerk shall retain the petition." Implicit in this statute, as we recognized in *Sarosy*, is the requirement that the village clerk make an initial determination as to the sufficiency of the petition. Thereafter, pursuant to R. C. 3501.11(K), the board of elections must make its own determination. In its procedural aspects, *Sarosy* is indistinguishable from, and therefore governs, this cause.

Because the complaint in mandamus herein challenges the fact of the board's discretion, not an abuse thereof, the Court of Appeals properly granted the motion to dismiss appellant's complaint. A writ of mandamus will not issue to control judicial or quasi-judicial discretion.

*Judgment affirmed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

HERBERT, J., concurs except for the footnote.