This is an appeal by the Executrix of the Estate of Rondeau Counts, Jr., from a decision of the Ross County Court of Common Pleas, Probate Division, granting certain exceptions to the final inventory of the estate. We affirm the decision of the Probate Court of Ross County.
 STATEMENT OF THE CASE
Appellant Dorothy Counts is the widow of Rondeau Counts, Jr., who died testate on May 3, 1998. The will was admitted to probate on November 16, 1998, and appellant was appointed executrix of the estate pursuant to the terms of that will. The appellant filed an inventory and appraisal and schedule of assets [hereinafter inventory] with the Probate Court of Ross County on April 9, 1999. Appellees David and Suzanne Grizzell, son-in law and daughter of Rondeau Counts, Jr., and Dorothy Counts, filed their exceptions to the inventory on May 7, 1999. Appellees claimed title to sixteen specific items of personal property listed on the inventory and to certain miscellaneous tools and equipment described generically in the inventory.
The decedent, Rondeau Counts, Jr., was a long-haul trucker and farmer, with a farm near Kingston, Ohio. In 1987 and 1988, financial difficulties with his trucking business led to the foreclosure of his farm and the eviction of the Counts family. Appellee David Grizzell owned a farm across the road from the Counts' farm. In the late 1980's, he married appellee Suzanne Counts, and the appellees purchased the farm from the successful bidder at the foreclosure sale. Appellees also claimed to have purchased the disputed items of farm equipment and vehicles from the decedent in 1989. These purchases included several tractors and other farm equipment, to wit: a semi-trailer loaded with Packard car parts and a Packard engine, an aluminum car carrier, as well as an untitled 1917 Packard truck. Rondeau Counts, Jr., filed for bankruptcy in 1993.
At the time of his death, decedent and appellant were renting the former Counts' farm homestead, owned by appellees. Although decedent farmed a few acres rented from appellees, his main business remained long haul trucking. Appellees farmed the remaining acreage of the former Counts' farm, as well as their adjacent farm. Decedent and appellees shared the disputed equipment as needed, and the equipment was stored in buildings on either the Grizzell farm or the former Counts' farm owned by the appellees.
One of the sixteen items of personal property listed by appellees in their exceptions to the inventory was a bush hog. At the hearing, David Grizzell supplied the court with a copy of a bill of sale, showing his purchase of this item of equipment from a farm supply store. The parties then stipulated to the exception of this item from the inventory. The parties also stipulated that Rondeau Counts, Jr., held title to the remaining fifteen items identified by the appellees, at some point in time prior to his death.
Among these remaining fifteen items of personal property was certain milking equipment, installed in a barn on the former Counts' farm property. The trial court ruled that this equipment lost its character as personal property when installed and became an attachment or fixture to the real property. Consequently, title to that equipment transferred to the appellees when they purchased the former Counts' farm in 1989. The parties further stipulated to the removal of this equipment from the inventory. This left fourteen specifically identified items in dispute, as well as certain other tools and equipment described more generally on the inventory.
At the hearing, David Grizzell testified for the appellees. Appellees primarily relied upon several hand-written receipts signed by the decedent to establish their ownership of the disputed personal property. Several other family members testified for appellant. These witnesses claimed the signatures on these receipts were not the signatures of the decedent. The trial court accepted the evidence presented by appellees and excepted the listed equipment from the final inventory of the estate. However, the court denied appellees' claim to various miscellaneous tools and small equipment listed, finding that appellees failed to provide sufficient evidence to support their claims to the ownership of these items.
Appellant filed her timely appeal to this decision, raising two assignments of error for our consideration:
FIRST ASSIGNMENT OF ERROR:
 ROSS COUNTY COMMON PLEAS COURT, PROBATE DIVISION ERRED TO THE PREJUDICE OF APPELLANT IN EXERCISING ITS DISCRETION TO USE THE SUMMARY PROCEEDING ON THE HEARING TO THE EXCEPTIONS TO THE INVENTORY. (ENTRY ON EXCEPTIONS TO THE INVENTORY).
 SECOND ASSIGNMENT OF ERROR:
 THE ROSS COUNTY COMMON PLEAS COURT, PROBATE DIVISION ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT IN ENTERING A JUDGMENT ON THE EXCEPTIONS TO THE INVENTORY THAT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. (ENTRY ON EXCEPTIONS TO THE INVENTORY).
 OPINION I
Appellant, in her First Assignment of Error, argues that this matter should have been assigned to the general division for hearing. She argues that the probate court erred by using the summary proceeding provided by R.C. 2115.16 to resolve this matter.
R.C. 2115.02 charges the executor of an estate with the duty of providing a true inventory and appraisal of the estate of the decedent to the probate court. Upon the filing of this inventory with the probate court, R.C. 2115.16 directs the court to schedule a hearing within thirty days. Any person interested in the estate may file exceptions to the inventory up to five days before this hearing. When exceptions are filed to the inventory, the court is to give notice of these exceptions, and the time for hearing these exceptions, to the executor. At this hearing, the probate court and the parties may examine the executor and any other witness under oath. The Supreme Court of Ohio has held that: "The hearing of exceptions to an inventory under Section 2115.16, Revised Code, is a summary proceeding conducted by the Probate Court to determine whether those charged with the responsibility therefor have included in a decedent's estate more or less than such decedent owned at the time of his death."In re Estate of Gottwald (1956), 164 Ohio St. 405, 131 N.E.2d 586, paragraph one of the syllabus. An "exceptions" hearing is a special proceeding. An entry overruling or sustaining objections to an account is a final appealable order. Sheets v. Antes (1984), 14 Ohio App.3d 278,470 N.E.2d 931; In re Estate of Taylor (June 21, 1991), Lawrence App. No. 1957, unreported.
Appellant argues that the probate court exceeded its jurisdiction by hearing what were essentially claims arising in fraud and tort in this summary proceeding. She cites Schucker v. Metcalf (1986), 22 Ohio St.3d 33,488 N.E.2d 210. A probate court has limited jurisdiction and may hear only those types of cases enumerated by statute. In Schucker, an administrative judge assigned a probate judge to hear claims for money damages arising from allegations of fraud. The Supreme Court of Ohio found that the probate division lacked jurisdiction to hear such claims. In the matter before us, the issue is one of title, not one of monetary damages, rendering Schucker inapposite as authority in this case.
We find, contrary to appellant's argument, that the probate court is clearly possessed of the necessary statutory authority to determine the title of personal property in a hearing on exceptions to the final inventory of an estate. R.C. 2115.16 specifically provides that a probate court shall hold a hearing to determine any exceptions raised to this final inventory. "Incidental to such hearing, the Probate Court can determine title to personal property included in such inventory, but it is a matter of discretion whether such summary proceeding shall be employed or the exceptor ordered to pursue other remedies." Gottwald, supra, paragraph two of the syllabus.
Our standard of review of the proceeding sub judice is one of abuse of discretion. In re Guardianship of Maurer (1995), 108 Ohio App.3d 354,359, 670 N.E.2d 1030, 1033. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore5 Ohio St.3d 217, 450 N.E.2d 1140. Since Gottwald specifically permits the court below to use this summary proceeding to settle questions of title, we find no abuse of discretion on the part of the trial court by deciding the matter in accordance with R.C. 2115.16.
Appellant raises three additional arguments in support of her First Assignment of Error. On the one hand, appellant argues her role as executrix limited her in the inventory hearing to the question of whether the decedent owned these items of personal property at the time of his death. On the other hand, as surviving spouse, she argues that the very nature of the inventory hearing prevented her from raising the issue of fraud. She argues that a continuing series of frauds by the appellees interfered with her ability to inherit this personal property. Finally, appellant argues that these matters properly belonged before a court of general jurisdiction, and not the probate court which decided them below.
"The only parties to a hearing on exceptions to an inventory filed in the Probate Court pursuant to Section 2115.16, Revised Code, are the exceptor and the executor, unless other persons voluntarily appear and are allowed by the court to be made parties to the proceeding." Cole v. Ottawa Home Savings Assn. (1969), 18 Ohio St.2d 1, 246 N.E.2d 542, paragraph one of the syllabus, citing In re Estate of Haas (1963), 174 Ohio St. 277,189 N.E.2d 65.
Appellant argues that, as surviving spouse, she is not a party to this summary proceeding and, therefore, cannot protect her interests. A summary proceeding under R.C. 2115.16 may well be inappropriate if disputed property is in the hands of a third party who is not a party to the proceeding. See In re Estate of Lewis (May 1, 1997), Gallia App. No. 96CA05, unreported. Here, the title dispute was between the appellees, as exceptors to the inventory, and the appellant, as executrix of the estate. As executrix, appellant clearly has the ability to protect her interests as surviving spouse by claiming title to the disputed property on behalf of the estate.
Furthermore, we find that appellant neither presented these objections to the trial court, nor presented any request to the probate court to transfer this matter to the general division. Since no objection was raised to the use of this summary proceeding in the court below, appellant may not now raise a claim of error for the first time in this court. Egan v.National Distillers Chemical Corp. (1986), 25 Ohio St.3d 176, 177-178,495 N.E.2d 904, 905-906. By failing to raise her arguments at trial, appellant waived her right to present these arguments on appeal. See StoresRealty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629, 630.
Accordingly, we OVERRULE appellant's First Assignment of Error.
 II
Appellant argues in her Second Assignment of Error that the decision of the trial court was against the weight of the evidence.
Robert Christopher Counts [hereinafter Chris Counts], the son of appellant and decedent, testified for appellant. He disputed that the signatures on the receipts submitted by appellees were the signatures of the decedent, Rondeau Counts, Jr. He particularly took issue with appellees' Exhibit 9, a receipt for $15,000 in equipment, which included several of the tractors and related farm equipment. He called attention to numerous misspellings on this receipt, including "Pace" and "Cace" for the brand names "Papec" and "Case." Chris Counts noted that the decedent was once a dealer for Papec brand farm equipment and would not have misspelled this item on the receipt.
We note that appellee David Grizzell testified that Chris Counts was estranged from his father and had not been around the farm in the thirteen years that appellee David Grizzell lived in the area. Chris Counts confirmed this, testifying that he had little contact with his father from 1988 until Rondeau's death in 1998.
Keith Chain, another son-in-law of Dorothy Counts and Rondeau Counts, Jr., testified that his understanding was that some of the questioned items on the inventory were placed in David and Suzanne Grizzell's names pending resolution of bankruptcy matters. Keith Chain's wife, Carolyn Chain, a daughter of appellant and the decedent, also disputed the genuineness of the signatures on the receipts supplied by the appellees. However, neither Keith nor Carolyn Chain was actively involved in the business dealings of the decedent.
Appellant, in her testimony, confirmed that decedent would place property in the names of other family members to avoid creditors. Appellees questioned appellant as to why the disputed personal property was not listed on the schedule of assets submitted by Rondeau Counts, Jr., in his 1993 bankruptcy. In reply, appellant testified that she thought that the decedent believed the equipment was hers. Inconsistent with this testimony is appellant's later testimony that both the farming and trucking operations were run jointly and that she and Rondeau filed joint tax returns.
We find a portion of David Grizzell's testimony to be inconsistent as well, particularly concerning appellees' Exhibit 9, the receipt with the misspellings. Appellant does not dispute the authenticity of decedent's signatures on the petition for bankruptcy protection, and upon superficial inspection, these signatures appear to match the signature, purportedly that of the decedent, on Exhibit 9. However, we note that the signature on this receipt differs significantly from the hand-written equipment list on this same receipt. David Grizzell testified that the decedent hurriedly prepared the receipt at a bank office in order to receive the money from the sale of the equipment. David Grizzell explained the misspellings as an attempt to match the equipment description on an equipment list he had previously submitted with his loan application for the purchase price of this equipment.
However, this court is not permitted to substitute its judgment for that of the trial court. As a reviewing court, we are guided by the presumption that the findings of the trial court are correct. The trial court is in the best position to view witnesses and their demeanor and to use its observations in weighing the credibility of the proffered testimony. Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77,80, 461 N.E.2d 1273, 1276. Under this standard, judgments supported by some competent, credible evidence, going to all the essential elements of the case, will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus.
In the event that the evidence is susceptible to more than one interpretation, the appellate court must construe it consistently with the trial court's judgment. Gerijo, Inc. v. City of Fairfield (1994),70 Ohio St.3d 223, 226, 638 N.E.2d 533, 536. Furthermore, the trier-of-fact is in the best position to assess the credibility of the witnesses presented at trial and to determine the weight to be afforded the evidence offered. See Walworth v. BP Oil Co. (1996),112 Ohio App.3d 340, 678 N.E.2d 959, citing to State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212.
The testimony indicated that Rondeau Counts, Jr., had been in financial difficulty since the late 1980's. His farm was foreclosed upon and his trucking business placed in Chapter 13 by the bankruptcy court. On the other hand, his son-in-law David Grizzell was apparently a successful farmer, financially able to return the Counts' farm to family ownership. Whether or not the sale of the farm equipment and vehicles in 1989 was an attempt to conceal this property from creditors was not at issue in the inventory hearing. The sole issue was whether appellees could establish their title to this property and thereby remove the property from the inventory of the estate. We find competent, credible evidence in the record to support the decision of the trial court to grant certain of the exceptions requested by appellees.
Accordingly, we find the decision of the trial court is not against the weight of the evidence, and we OVERRULE appellant's Second Assignment of Error and AFFIRM the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellees recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Ross County Court of Common Pleas, Probate Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J., and Abele, J.: Concur in Judgment and Opinion.
 _____________________ David T. Evans, Judge