This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Stefan Mianowski, a minor acting through his parent Robert Mianowski, has appealed the Summit County Probate Court's dismissal of his complaint. This Court affirms.
 I.
Appellant Stefan Mianowski (Stefan) filed a complaint in the Summit County Probate Court, naming as defendants Mitsuko Mianowski (Mrs. Mianowski), Richard D. Honeck (Honeck) and Hubert Senne (Senne). The complaint expressly stated that it was filed pursuant to R.C. 2109.50 etseq. and alleged that during September 1989, Frank Mianowski, Stefan's grand-uncle, created an inter vivos trust with an estimated value of $600,000 and named Mrs. Mianowski as its beneficiary and trustee upon Frank Mianowski's death. Senne had prepared the trust instrument and helped Frank Mianowski, prior to his death, amend it to include Stefan as a co-equal beneficiary. Next, the complaint alleged that since Frank Mianowski's death, Mrs. Mianowski has concealed from Stefan the existence of the trust, failed to notify him that he was a co-equal beneficiary, hidden, embezzled or conveyed away the assets of the trust to Stefan's detriment and never given him an accounting of the same. Lastly, the complaint alleged that Honeck, as Mrs. Mianowski's attorney, and Senne[1]
each aided and abetted or conspired with Mrs. Mianowski to conceal the trust and its terms from Stefan and helped her hide, embezzle or convey away its assets.
Honeck moved to dismiss, arguing that the complaint had failed to state a claim against him upon which relief could be granted. Specifically, Honeck argued that Stefan sought the discovery of the trust's terms and that the language of the complaint failed to expressly allege that Honeck had concealed, embezzled or conveyed away assets. Honeck further argued that all information relating to his representation of Mrs. Mianowski was privileged.
Mrs. Mianowski also filed a motion to dismiss. In her motion, she claimed that Stefan did not have standing to prosecute the alleged R.C.2109.50 et seq. claims against her because during 1990 she had amended the trust and removed Stefan as a named beneficiary. She also claimed that, contrary to Stefan's complaint, she, along with her husband Frank, created the trust in question. Lastly, Mrs. Mianowski stated that she removed Stefan pursuant to authority granted to her under the terms of the trust. While she supplied an affidavit in support of her claims, a copy of the trust was not produced. Senne never filed a motion to dismiss.
At one point, Mrs. Mianowski agreed to provide the trial court with a copy of the trust so that it could conduct an in camera inspection. Stefan objected, claiming that he would be deprived of an opportunity to verify the document's contents and authenticity and would be unable to craft any arguments of fact or law regarding the trust's construction. In turn, he moved for an order compelling Mrs. Mianowski, Honeck and Senne to produce the trust.
First, the trial court granted Honeck's motion to dismiss, holding that the complaint was inartfully plead and failed to state a claim against him. After several failed attempts by Stefan to appeal that decision, due to the lack of a final, appealable order, the trial court entered judgment and dismissed Stefan's remaining claims against Mrs. Mianowski and Senne, stating that the non-disclosure of Mrs. Mianowski's 1990 amendment did not give rise to a cause of action under R.C. 2109.50 etseq. The trial court then granted Stefan a twenty-eight day window in which to amend his complaint and plead R.C. 2109.49. Instead, Stefan appealed once more, asserting two assignments of error. For ease of discussion, this Court has rearranged his arguments.
 II. Second Assignment of Error
 The trial court erred in dismissing [Stefan's] cause of action against Defendants [Mrs. Mianowski] and Senne.
 For his second assignment of error, Stefan has challenged the trial court's dismissal of his claims, claiming that he was deprived of a fair hearing. He has essentially argued that, without ever procuring a copy of the trust, the trial court prematurely dismissed his claims. His arguments are misguided.
"The probate court is a court of limited jurisdiction; it can exercise just such powers as are conferred on it by statute and the constitution of the state[.]" Saxton v. Seiberling (1891), 48 Ohio St. 554, 559;Schucker v. Metcalf (1986), 22 Ohio St.3d 33, 34. Pursuant to R.C.2101.24(B)(1)(b):
 The probate court has concurrent jurisdiction with, and the same powers at law and in equity as, the general division of the court of common pleas to issue writs and orders, and to hear and determine * * *:
* * *
(b) Any action that involves an inter vivos trust[.]
 A proceeding instituted under R.C. 2109.50 is a special statutory proceeding[2] for the discovery of concealed or embezzled assets of a trust and securing their recovery. Wozniak v. Wozniak (1993), 90 Ohio App.3d 400, 407. It has a "summary and inquisitorial character and is quasi criminal in nature." See In re Fife's Estate (1956), 164 Ohio St. 449, paragraph one of the syllabus. R.C. 2109.50 is not a procedural mechanism one employs to discover the terms of a trust. The statute provides:
 Upon complaint made to the probate court of the county having jurisdiction of the administration of a trust estate or of the county wherein a person resides against whom the complaint is made, by a person interested in such trust estate * * * against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, chattels, or choses in action of such estate, said court shall by citation, attachment or warrant, or, if circumstances require it, by warrant or attachment in the first instance, compel the person or persons so suspected to forthwith appear before it to be examined, on oath, touching the matter of the complaint.
(Emphasis added.) R.C. 2109.50.
On the other hand, R.C. 2109.49 is investigatory by its nature. It furnishes the probate court with the authority to appoint an individual to investigate and report the terms and management of a trust. That statute provides, in part:
 The probate judge, when the probate judge deems it necessary or upon the written application of any party interested in the trust estate, may appoint suitable persons to investigate the administration of the trust and report to the court[.]
R.C. 2109.49.
Stefan initiated this proceeding and filed his complaint in an effort to discover information regarding his alleged status as a co-equal beneficiary of an inter vivos trust. He also sought recovery of the trust's assets which may or may not have been improperly concealed, embezzled or conveyed away. He specifically alleged that he had an interest in the trust as a co-equal beneficiary, that Mrs. Mianowski and Honeck improperly disposed of the trust's assets, and that Senne aided and abetted Mrs. Mianowski in her part of that enterprise. In his complaint, Stefan expressly referred to R.C. 2109.50 et seq., but failed to plead or cite R.C. 2109.49, the investigatory statute which would enable him to discover the trust's terms. Hence, while he attempted to litigate under both the investigatory statute and the concealment statute, he had only invoked the trial court's jurisdiction as to the concealment statute. When Stefan objected to the in camera inspection of the trust, he left the trial court no choice but to rely on Mrs. Mianowski's affidavit, averring that Stefan was no longer an interested party. This Court therefore concludes that while the trial court has jurisdiction to investigate Stefan's claims against Mrs. Mianowski and the terms of the trust in particular, it did not err in entering judgment and dismissing Stefan's complaint because he (1) failed to properly plead the proper special statutory proceeding, to wit: R.C. 2109.49, (2) objected to the in camera inspection of the trust, and, (3) otherwise failed to demonstrate that he had an interest in the trust, as contemplated under R.C. 2109.50.
 III.
Stefan's second assignment of error is overruled. As a result, this Court declines to address his first assignment of error. See App.R. 12(A)(1)(c). The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ BETH WHITMORE
BATCHELDER, P.J., SLABY, J. CONCUR
[1] Specifically, the complaint alleged that Senne's aiding and abetting lasted from Frank Mianowski's death until October 1997, when Senne placed a telephone call to Stefan and his family regarding the trust. Stefan also alleged that Senne wrongfully withheld information regarding the trust's terms and assets.
[2] This Court would also note that, pursuant to Civ.R. 1(C)(7), the Ohio Rules of Civil Procedure do not apply in this case.