JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-Appellant, Kathy W. Coleman ("Plaintiff"), appeals the reassignment of this case. For the reasons set forth below, we affirm.
 {¶ 2} Plaintiff first filed suit on February 25, 2003 against Defendants-Appellees, East Cleveland City School District Board of Education ("East Cleveland"), Baker Hostetler ("Baker 
Hostetler"), Melanie E. Meyer ("Meyer"), Jose F. Feliciano ("Feliciano"), and Charlene Cachat ("Cachat"). Originally, the case was assigned by random draw to Judge William Coyne. The matter was then reassigned and transferred to the docket of Judge Carolyn B. Friedland for good cause shown. Plaintiff later voluntarily dismissed the case on December 15, 2003.
 {¶ 3} Plaintiff refiled the action on December 15, 2004 against the same Defendants. In her Complaint, Plaintiff alleged defamation, intentional infliction of emotional distress, tortious interference with a business contract, abuse of process, invasion of privacy and retaliation.
 {¶ 4} Initially, the refiled case was assigned by random draw to Judge John Sutula. The case was then reassigned, sua sponte, to Judge Friedland pursuant to Superintendence Rule 36(D), as she presided over the original case. Apparently unaware of the sua sponte transfer, East Cleveland filed a motion to transfer the case to Judge Friedland. Plaintiff opposed the transfer and requested a transfer instead to Judge William Coyne, or in the alternative, that the case be returned to Judge Sutula. The trial court denied East Cleveland's motion to transfer as moot.
 {¶ 5} On January 25, 2005, East Cleveland answered the Complaint and filed a motion for summary judgment. On February 14, 2005, Baker Hostetler moved to dismiss Plaintiff's Complaint for failure to state a claim. The Plaintiff filed a motion for extension of time to respond to both East Cleveland's and Baker Hostetler's motions. The court granted Plaintiff's motion and gave her until April 3, 2005 to respond to Defendants' pending motions.
 {¶ 6} On March 16, 2005, the Administrative Judge issued the following order:
 {¶ 7} "Due to recusal on case no. 499877 and pursuant to court policy, case no. 549904 is reassigned to Judge Nancy Margaret Russo."
 {¶ 8} A reading of this order reveals that Judge Russo recused herself from Case No. 499877, Wills v. Dillards, Inc.
Accordingly, the Administrative Judge randomly assigned that case to Judge Friedland. Then, pursuant to court policy, the Administrative Judge had one of Judge Friedland's cases, the instant action, randomly assigned to the Judge who recused herself, Judge Russo.
 {¶ 9} Upon receipt of the reassignment, Judge Russo issued an order reminding Plaintiff that her response to the Defendants' motions was due by April 3, 2005. Plaintiff failed to respond to the Defendants' motions by the court imposed deadline. Instead, she filed a motion to file an amended complaint, motion for relief from judgment, motion to vacate assignment of the case to Judge Russo and motion for stay of proceedings.
 {¶ 10} On April 6, 2005, the court granted Baker 
Hostetler's motion to dismiss and East Cleveland's motion for summary judgment, finding that the Plaintiff failed to respond to the motions in a timely matter. On May 5, 2005, the court denied Plaintiff's motion to amend complaint, denied her motion to stay proceedings, and struck her motion challenging the reassignment as improperly filed. Accordingly, the court dismissed the case with prejudice and denied any outstanding motions as moot.
 {¶ 11} Plaintiff now appeals the reassignment of the case and presents only one assignment of error for our review.
 {¶ 12} Plaintiff's sole assignment of error states:
 {¶ 13} "The Lower Common Pleas Court Administrative Judge abused his discretion and committed prejudicial error in transferring the case from Judge Friedland to Judge Russo via fraud, bad faith, a lack of due process and the lack of a legitimate reason for transfer in violation of the Rules of Superintendence making Judge Russo's rulings and orders void and reversible error."
 {¶ 14} Within her sole assignment of error, Plaintiff maintains that the Administrative Judge abused his discretion in transferring this case from the docket of Judge Friedland to Judge Russo. Additionally, Plaintiff asserts that the Administrative Judge did so with fraud, bad faith and lack of due process. Finally, Plaintiff contends that the Administrative Judge was required and failed to proffer a legitimate reason for the transfer. For the following reasons, we find that each of Plaintiff's arguments lack merit.
 {¶ 15} An administrative judge has the authority to reassign cases in order to ensure undue delay and relieve docket congestion. Cleveland v. N.E. Ohio Regional Sewer Dist. (Sept. 19, 1989), Cuyahoga App. No. 55709. C.P.Sup.R. 4(B) provides:
 {¶ 16} "The administrative judge shall have full responsibility and control over the administration, docket, and calendar of the court or division and shall be responsible to the Chief Justice of the Supreme Court in the discharge of his or her duties, for the observance of these rules, and for the termination of all cases in the court or division without undue delay and in accordance with the time guidelines set forth in Sup.R. 39. * * * The administrative judge shall do all of the following:
 {¶ 17} "(1) Pursuant to Sup. R. 36, assign cases to individual judges of the court or division or to panels of judges of the court in the court of appeals;
 {¶ 18} "* * *
 {¶ 19} "(9) Perform any other duties in furtherance of the responsibilities of the administrative judge."
 {¶ 20} Pursuant to C.P.Sup.R. 4, reassignment of a case involves judicial discretion. Schucker v. Metcalf (1986),22 Ohio St.3d 33, 36, 488 N.E.2d 210; Berger v. McMonagle (July 1, 1982), Cuyahoga App. No. 45341. Accordingly, an appellate court will not interfere absent a showing that the reassignment was contrary to the Rules of Superintendence. Id. In other words, this court will presume regularity until shown otherwise. See id.
 {¶ 21} Ohio C.P.Sup.R. 4 "permits an administrative judge to change the judge assigned to a case." Brickman Sons, Inc. v.Nat'l City Bank, Cuyahoga App. No. 81428, 2004-Ohio-1447, reversed on other grounds, 106 Ohio St.3d 30, 830 N.E.2d 1151,2005-Ohio-3559; see, also, Schucker, supra. As this court has previously explained:
 {¶ 22} "There are many circumstances in which reassignment is appropriate, if not essential, in the interest of justice. Those situations include the recusal or disqualification of the assigned judge, protracted illness or absence of the assigned judge, exigent circumstances created by temporary absence or docket congestion for the assigned judge and an immediate need for action in the case."
 {¶ 23} Berger v. Berger (1981), 3 Ohio App.3d 125, 129-130,443 N.E.2d 1375, overruled in part by Brickman Sons, Inc.,
supra.
 {¶ 24} In the instant action, the Administrative Judge's reassignment of this case for the purpose of realigning the docket and expediting the litigation was proper and pursuant to the Rules of Superintendence. Judge Russo recused herself from Case No. 499877, Wills v. Dillards, Inc. Accordingly, the Administrative Judge randomly assigned the case to Judge Friedland. Then, pursuant to court policy, the Administrative Judge had one of Judge Friedland's cases, the instant action, randomly assigned to the Judge who recused herself, Judge Russo. Essentially, the Administrative Judge swapped the cases, creating an equitable exchange of cases. Because the Administrative Judge sought to realign the judicial caseloads among the Judges in order to relieve docket congestion and prevent undue delay, we find that the Administrative Judge had legitimate reasons to reassign the case to Judge Russo.
 {¶ 25} Within her assignment of error, Appellant relies onBrickman Sons, Inc., supra, and Berger, supra, in asserting the proposition that the Administrative Judge in the instant action failed to state the reason for the transfer clearly in the record. We find Appellant's argument without merit. Brickman Sons, Inc., was reversed by, and Berger was overruled by, the Supreme Court of Ohio's decision in Brickman Sons, Inc. v.Nat'l City Bank, 106 Ohio St.3d 30, 34, 2005-Ohio-3559,830 N.E.2d 1151. In that case, the court held that "when an administrative judge's entry of reassignment under authority of the Rules of Superintendence does not state the reason for the transfer, but the reason is clear from the record, the transfer is proper."
 {¶ 26} In the instant action, we find that the reason for the transfer was clear from the record. The transfer order states:
 {¶ 27} "Due to recusal on case no. 499877 and pursuant to court policy, case no. 549904 is reassigned to Judge Nancy Margaret Russo."
 {¶ 28} The Administrative Judge, while not required to, expressly stated the reason for the transfer in the judgment entry. Thus, Appellant's argument is without merit.
 {¶ 29} Finally, Appellant maintains that the Administrative Judge's transfer of the case lacked due process and was motivated by bad faith and fraud. In making her assertions, Appellant fails to direct this court to any evidence in the record to support her contentions. "Absent an affirmative showing of bad faith or fraud in an assignment, there is no due process issue presented by reassignments." Brickman Sons, Inc., supra; Berger, supra at 130. As we fail to find any evidence of bad faith or fraud, Appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and Mcmonagle, J., concur.