[Cite as *Gibson v. Shepard*, 2020-Ohio-4569.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

DANA GIBSON,                                    :

    Plaintiff-Appellant,          :

                       No. 109311

v.                                             :

TERRY SHEPARD, ET AL.,                         :

    Defendants-Appellees.

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:**  September 24, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-915326

*Appearances:*

Dana Gibson, *pro se.*

PATRICIA ANN BLACKMON, P.J.:

{¶ 1}  Plaintiff-appellant, Dana Gibson ("Gibson"), appeals from the order of the trial court that entered judgment in favor of defendants Terry Shepard ("Shepard"), Annie M. Griffin ("Griffin"), and attorney Joanne Brown ("Brown") in Gibson's action for damages in connection with the administration of the estate of

his late mother, Ezell Gibson ("Mrs. Gibson"). He assigns the following errors for our review:

I. Civil court erred in not ruling on issues of fraud and perjury raised by [Gibson].

II. Civil court erred in denying [Gibson's] 14th Amendment rights to Due Process.

III. Civil court erred in not ruling on preponderance of evidence.

IV. Civil Court erred in dismissal of complaint with prejudice.

{¶ 2} Having reviewed the record and the controlling caselaw, we reverse and remand for further proceedings consistent with this opinion.

{¶ 3} According to the record, Mrs. Gibson died intestate on May 20, 2009. In 2014, Mrs. Gibson's sister, Griffin, filed an application to relieve the estate from probate court administration, and asserted that the assets are less than $25,000. In the probate matter, Griffin averred that Mrs. Gibson died a widow, that she had two sons, Raymond and Gibson, and that Gibson was serving a 25-years-to life sentence for murdering Raymond, so he was barred from inheriting any portion of the estate through Raymond. Griffin further averred that Mrs. Gibson's sole property was real estate located at 2523 East 81st Street in Cleveland. Griffin asserted that Mrs. Gibson executed a power of attorney granting Griffin authority over her affairs in 2007, and that she had loaned Mrs. Gibson $2,100 and also expended funds in caring for her. The application to relieve the estate from administration was signed by Griffin's son, Shepard. Several months later, the probate court issued an entry

relieving Mrs. Gibson's estate from administration and authorizing the transfer of Mrs. Gibson's property to Griffin and Gibson.

{¶ 4} In 2019, Gibson filed this action in the Cuyahoga County Court of Common Pleas, General Division, alleging that Shepard and Griffin entered into an agreement to purchase his portion of his mother's estate for $7,500, then paid him $1,000, but failed to pay him the remaining balance. Gibson further alleged that attorney Brown assisted Griffin and Shepard and prepared a power of attorney to Gibson through which the purchase was to have been completed. Gibson alleged the defendants breached their contract, conspired to defraud him of his interest in his mother's estate, and that Shepard obtained funds from renting Mrs. Gibson's home and failed to account for them in the proceedings to relieve Mrs. Gibson's estate from probate administration.

{¶ 5} Brown filed a motion to dismiss for failure to state a claim for relief. In light of evidentiary materials appended to her brief, the court converted the motion to a motion for summary judgment, with notice to Gibson. According to Brown's materials, she at no point had any involvement in Mrs. Gibson's estate. She also argued that by operation of R.C. 2101.24, claims against fiduciaries in the administration of an estate are within the exclusive jurisdiction of the probate court. R.C. 2101.24. She also asserted that Gibson failed to plead his fraud claim with particularity and failed to provide a copy of the written instrument on which his claim was based. In opposition, Gibson submitted to the court a letter purportedly on Brown's letterhead that provided:

Re: Property located at 2523 East 81st Street

Dear Mr. Gibson:

Included with this letter is a check for $1,000. This check is the first installment of money due to you because of the sale of above referenced property.

Please do not hesitate to contact me if you have any questions or comments.

**{¶ 6}** The trial court awarded summary judgment to defendants.

## Summary Judgment

**{¶ 7}** In the assigned errors, which share a common basis in law, Gibson argues that the trial court erred in awarding summary judgment to defendants.

**{¶ 8}** Our standard of review under Civ.R. 56 is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). The Ohio Supreme Court set forth the standard in *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 696 N.E.2d 201 (1998):

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

**{¶ 9}** Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(D); *Mootispaw v.*

*Eckstein*, 76 Ohio St.3d 383, 385, 667 N.E.2d 1197 (1996). Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

{¶ 10} With regard to the substantive law on the issue of jurisdiction, in *Sosnoswsky v. Koscianski*, 8th Dist. Cuyahoga No. 106147, 2018-Ohio-3045, this court recently stated:

> In *Schucker v. Metcalf*, 22 Ohio St.3d 33, 488 N.E.2d 210 (1986), the Supreme Court of Ohio determined that "the probate division has no jurisdiction over claims for money damages arising from allegations of fraud." *Id.* at 35; *see also Dumas v. Estate of Dumas*, 68 Ohio St.3d 405, 408, 1994-Ohio-312, 627 N.E.2d 978 (1994) ("Even though [plaintiff] seeks an order to rescind the transfer of assets of the trust * * * which order, if granted may affect the administration of [the] probate estate, her primary aim is still the recovery of monetary damages from the alleged fraud * * * [and] the issues raised * * * were solely within the jurisdiction of the general division * * *."); *Dallas v. Childs*, 8th Dist. Cuyahoga No. 65150, 1994 Ohio App. LEXIS 2694, 4-5 (June 23, 1994) ("As a matter of law, a probate court has no jurisdiction over a claim for money damages resulting from fraud. *Alexander v. Compton* (1978), 57 Ohio App.2d 89, 385 N.E.2d 638. *See, also, DiPaolo v. DeVictor* (1988), 51 Ohio App.3d 166, 555 N.E.2d 969").

*Id.* at ¶ 12.

{¶ 11} Likewise, in this matter, the plaintiff's claim is the recovery of damages for fraud. Therefore, there is no basis for concluding that the probate court has exclusive jurisdiction.

{¶ 12} Further, on the record presented, we conclude that there is a genuine issue of material fact surrounding the administration of Mrs. Gibson's estate and the proceeds of the home at 2325 East 81st Street. Although Brown averred that she did

not handle the estate, the letter offered by Gibson challenges that assertion, and creates a genuine issue of material fact that cannot be resolved by summary judgment. Moreover, at this point in the proceedings, we cannot say as a matter of law that the probate court has exclusive jurisdiction over this dispute.

{¶ 13} In accordance with the foregoing, and without offering any speculation as to whether Gibson's claims are meritorious, we find that there are genuine issues of material fact and that it has not been established that defendants are entitled to judgment as a matter of law.

{¶ 14} The judgment of the trial court is reversed, and case is remanded.

{¶ 15} Reversed and remanded.

It is ordered that appellant recover of appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
RAYMOND C. HEADEN, J., CONCUR